FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN B., <br><br>　　　　Plaintiff, <br><br>　　　v. <br><br>KILOLO KIJAKAZI, <br>ACTING COMMISSIONER OF <br>SOCIAL SECURITY,[1] <br><br>　　　　Defendant. | No.1:20-CV-03169-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney D. James Tree represents Kevin B. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

## I. JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 22, 2018, alleging disability since January 1, 2017, due to diabetes, lung abscess, thyroid condition, mental health issues, anxiety issues, joint problems, breathing problems, low vision, depression, and bipolar. Tr. 70-71. The application was denied initially and upon reconsideration. Tr. 105-11, 113-19. Administrative Law Judge (ALJ) Chris Stuber held a hearing on April 21, 2020, Tr. 33-68, and issued an unfavorable decision on May 14, 2020. Tr. 15-28. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 14, 2020. Tr. 1-5. The ALJ's May 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 12, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are only briefly summarized here. Plaintiff was born in 1972 and was 44 years old as of the alleged onset date. Tr. 25. He has a high school education and a work history in metal fabrication. Tr. 539. In early 2017 he developed pneumonia and struggled with MRSA and secondary infections that resulted in an abscess to his right lung. Tr. 321-23. The abscess resolved, but he continued to experience lung pain and shortness of breath, along with a persistent cough. Tr. 392-94, 505, 516, 547. In mid-2018 Plaintiff began experiencing gastrointestinal difficulty, which was eventually diagnosed as ulcerative colitis. Tr. 421-22, 431, 495. Throughout the relevant period Plaintiff also received treatment for diabetes and his mental health. Tr. 495, 557, 617-19, 670-76, 893, 895, 897, 902-03.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform

specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On May 14, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-28.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: polysubstance abuse, chronic obstructive pulmonary disease (COPD), ulcerative colitis, diabetes mellitus, osteoarthritis of the right hand, panic disorder, major depressive disorder, obesity, and lung abscess. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> [H]e can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk about 4 hours in an 8-hour workday and can sit about 6 hours. He can occasionally stoop, kneel, crouch, and crawl. He can have occasional exposure to extreme cold, extreme heat, and irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. He should avoid all exposure to hazardous machinery and unprotected heights. He is able to understand, remember, and carry out simple, routine instructions with only occasional changes in the work setting. He can have occasional interactions with supervisors but only brief and superficial interactions with coworkers and the public. Within such parameters, he would be able to maintain concentration, persistence, and pace.

Tr. 19-20.

At **step four**, the ALJ found Plaintiff was unable to perform his past relevant work as a machine assembler supervisor and general machine operator. Tr. 26.

At **step five** the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of mail room clerk, office helper, and routing clerk. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27-28.

## VI.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not properly assessing the Listings at step three; (2) improperly rejecting Plaintiff's testimony; and (3) not properly assessing the opinion evidence.

## VII.    DISCUSSION

A.    **Plaintiff's Subjective Allegations.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 17 at 6-14.

It is the province of the ALJ to assess the claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were not supported by the objective exam findings and test results and were undermined by his failure to follow treatment recommendations, his substance use and conflicting statements about substance use, and his activities. Tr. 21-23.

      Plaintiff argues the ALJ took facts out of context, failed to identify any activities that contradicted Plaintiff's testimony, and ignored objective evidence supportive of his claims. ECF No. 17 at 6-14. Defendant argues the ALJ reasonably found Plaintiff's conditions improved with treatment, appropriately determined that his allegations were inconsistent with the objective evidence and his treatment history, and that reasonably found the record contained contradictions. ECF No. 18 at 5-14.

      The Court finds the ALJ's rationale is not supported by substantial evidence. The Court finds that the ALJ's findings lack sufficient detail and fail to include the whole record when citing the evidence that undermines claimant's complaints. Though Defendant points to areas in the record that support the ALJ's conclusion, the Court cannot rely on facts not cited by the ALJ in support of his findings.

### 1. *Failure to Follow Treatment Recommendations.*

The ALJ found Plaintiff failed to follow treatment recommendations, noting he missed mental health appointments in 2017, he was not taking psychiatric medication, and that he only restarted mental health treatment after he was charged with possession of methamphetamine. Tr. 23. The ALJ noted these facts demonstrated a "possible unwillingness to do what is necessary to improve his condition" or possibly were "an indication that his symptoms are not as severe as he purports." *Id.*

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). However, an ALJ must consider possible reasons for the lack of compliance before discounting a claimant's complaints on this basis. Social Security Ruling 16-3p. The Ruling notes possible factors could include intolerable side effects of medications, lack of funds or access to treatment, a claimant's lack of understanding of the appropriate treatment, or the person's ability to structure their activities to minimize symptoms. *Id.*

The ALJ failed to consider any explanations for Plaintiff's level of engagement with treatment. In 2017, when Plaintiff missed multiple mental health appointments, he was dealing with pneumonia, MRSA, and his lung abscess, which resulted in multiple hospitalizations. Tr. 314, 319, 321-23, 360-64, 380-81, 593, 597, 709. The ALJ found Plaintiff did not take any psychiatric medication, however the record reflects Plaintiff did take Xanax, and also contains numerous reports throughout the record that he had intolerable side effects from multiple psychiatric medications. Tr. 502, 508, 521, 539, 591, 593, 597, 671, 933. The record contains only a single note of Plaintiff expressing resistance to talk therapy (Tr. 672), but he was in group therapy at the time and did have some individual counseling following that statement. Tr. 640-82, 895, 902-04. Finally, the ALJ's

assessment that Plaintiff appeared to restart treatment only after he was charged with possession of methamphetamine is not supported by the record: in November 2019 he reported he was now facing charges related to possession of methamphetamine, but he initially reengaged with treatment in August, and reported that he had no pending charges at the time and wanted to get clean to please his wife. Tr. 619-633. The ALJ's conclusion that Plaintiff only started treatment because of the legal charges is not supported by substantial evidence.

Therefore, the Court finds the ALJ did not make sufficient findings to support his conclusion that Plaintiff's subjective complaints were undermined by a failure to follow treatment recommendations.

2. *<u>Substance Use.</u>*

The ALJ found Plaintiff's use of marijuana and cigarettes was inconsistent with a disabling respiratory condition, found Plaintiff abused methamphetamines and was hospitalized for substance use, and denied substance abuse at his consultative exam. Tr. 23.

An ALJ may properly consider evidence of substance use in assessing a claimant's veracity. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding). However, the ALJ's determination here is not supported by substantial evidence. At the consultative exam cited by the ALJ, the report only addresses *current* marijuana and other illicit substance use. Tr. 539. There is nothing in the record that indicates Plaintiff was using substances at the time of that report.

While continuing to smoke with a severe respiratory impairment would seem inconsistent, the ALJ failed to consider the addictive nature of cigarettes, or to acknowledge the various points in the record that indicate Plaintiff reduced his

smoking or had stopped smoking. Tr. 391, 495, 539, 548, 731, 893. In light of the conflicting evidence about ongoing smoking, the Court does not find the ALJ's assessment to be supported by substantial evidence. The ALJ also failed to indicate how Plaintiff's other substance use undermined his allegations of disabling symptoms. If an ALJ finds that a claimant's substance use contributes materially to his disability, then they must make additional findings. Social Security Ruling 13-2p. Substance use alone does not render a claimant unreliable.

      3.    *<u>Activities.</u>*

The ALJ found Plaintiff's activities indicated he was not as limited as he alleged, including growing his own marijuana, working on cars, and building things. Tr. 23. A claimant's activities may support an adverse credibility finding if the activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the Court finds the ALJ did not identify any activities that were inconsistent with Plaintiff's reports. The record contains minimal evidence of Plaintiff engaging in any of these activities, and his testimony was that he did minimal work when working on cars. Tr. 52-53, 539, 699, 895. Nothing about this evidence indicates any inconsistency with Plaintiff's claimed symptoms and limitations.

      4.    *<u>Inconsistencies.</u>*

Defendant points to a number of other inconsistencies in the record, such as Plaintiff claiming limitations on memory and attention while other evidence indicated otherwise, or having no problems interacting with providers despite his allegations of difficulty dealing with people. ECF No. 18 at 13-14. However, the ALJ did not identify any of these facts as the basis for his finding; this therefore constitutes post hoc rationale that the Court will not consider. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

5.   *Objective Evidence.*

The only other rationale offered by the ALJ for discounting Plaintiff's subjective reports was the lack of support from the objective medical evidence. Tr. 22-24. This alone is an insufficient reason to reject his statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, unsupportive objective evidence is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. Additionally, as the ALJ failed to offer sufficient reasons for discounting Plaintiff's testimony, the ALJ also erred in failing to address the evidence provided by Plaintiff's wife, and shall also address that evidence on remand.

B.   **Medical Opinions.**

Plaintiff argues the ALJ improperly evaluated opinions from Drs. Reinmuth, Metoyer, and Drenguis. ECF No. 17 at 14-20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of

the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

>Supportability and consistency are further explained in the regulations:
>
>(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### 1. **_Dr. Metoyer._**

Plaintiff attended a consultative psychological opinion with Dr. Patrick Metoyer in October 2018. Tr. 538-42. Dr. Metoyer noted diagnoses of panic disorder and major depressive disorder, and rule out diagnoses of obsessive-compulsive disorder and bipolar II. Tr. 541. He assessed numerous moderate limitations on Plaintiff's work-related abilities, including interacting with coworkers and the public, maintaining regular attendance in the workplace, and

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

completing a normal work week without interruption from anxiety and mood symptoms. Tr. 542. Dr. Metoyer additionally found Plaintiff's ability to deal with the usual stress encountered in the workplace was markedly impaired if it involved persistent activity, complex tasks, task pressure, or interacting with other individuals. *Id.*

The ALJ found Dr. Metoyer's opinion unpersuasive and found the state agency evaluating doctors were more supported by the medical evidence, recounting a number of mental status findings throughout the record. Tr. 24-25.

Plaintiff argues the ALJ did not adequately explain his conclusion that the state agency opinions were more persuasive by simply listing a collection of positive and negative objective findings, including some from Dr. Metoyer. ECF No 17 at 19-20. He further argues that none of the evidence the ALJ cited demonstrated any specific inconsistency with Dr. Metoyer's assessment. *Id.* Defendant argues that, while the ALJ explained his disposition with less-than-ideal clarity, the Court can reasonably infer from the ALJ's discussion the elements of supportability and consistency. ECF No. 18 at 19-20.

The Court finds the ALJ failed to comply with the new regulations and did not offer any specific discussion of the consistency and supportability of Dr. Metoyer's opinion. He only discussed the objective findings and concluded that the evidence more fully supported the state agency opinions. Tr. 24-25. On remand, the ALJ will reconsider Dr. Metoyer's opinion based on the new regulations, discussing the factors of supportability and consistency.

2. **<u>Dr. Reinmuth.</u>**

In 2019, Plaintiff's treating doctor of many years, Dr. Scott Reinmuth, completed two medical source statements regarding Plaintiff's physical and mental capabilities. Tr. 609-10, 612-15. In March he noted Plaintiff's diagnoses included insulin dependent diabetes, ulcerative colitis, prostatitis, obesity, asthma, lung scarring after abscess, hypothyroidism, hypertension, hyperlipidemia, and

peripheral neuropathy. Tr. 609. In terms of limits, Dr. Reinmuth opined Plaintiff needed to lie down during the day due to abdominal pain and that he would likely miss four or more days of work from a full-time job. Tr. 609-10. He also agreed that work on a regular basis would cause Plaintiff's condition to deteriorate, noting "he is already tired and miserable trying to manage these issues while being allowed to rest and pace himself; they would be that much worse." Tr. 610.

In April, Dr. Reinmuth completed a statement regarding Plaintiff's mental abilities, noting mild limitations in work-related functions, but opining he would be off-task 12-20% of the time and would miss one day of work per month. Tr. 612-14. He further explained: "His emotional issues are quite variable in severity, and are currently less severe than at times in the past when they were more pronounced. If his issues worsen again, the ratings would be considerably different than how I rated him currently." Tr. 615.

The ALJ found the first opinion unpersuasive, noting Dr. Reinmuth did not provide a true function by function assessment of Plaintiff's abilities and stated in the treatment records that the opinion would be difficult to complete because many of Plaintiff's conditions were managed elsewhere and he did not have access to recent labs or details. Tr. 25. The ALJ further noted that the opinion was completed a few months before the severity of Plaintiff's substance use came to light, which the ALJ found may have contributed to the restrictions. *Id.* With respect to the mental opinion, the ALJ found it only somewhat persuasive, finding the off-task portion was inconsistent with only mild limitations in functional abilities, and noting multiple normal and unremarkable mental status findings, supporting only mild limits. Tr. 25-26.

Plaintiff argues Dr. Reinmuth had sufficient evidence to support the first opinion and that it is consistent with the record. ECF No. 17 at 16-17. He further asserts that his drug relapse in July 2019 was a recent development and was irrelevant to the March assessment. *Id.* He additionally argues the ALJ only

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13

specifically addressed the off-task portion of the mental opinion and failed to address the disabling opinion regarding missed days. *Id.* at 18. He further argues the ALJ failed to consider times when Plaintiff would have had more limitations, as Dr. Reinmuth mentioned Plaintiff's current impairment was less severe than it had been in the past. *Id.* Defendant argues the ALJ reasonably found the opinions unsupported and internally inconsistent, and was not required to specifically address all portions of the opinions. ECF No. 18 at 18-19.

The Court finds the ALJ did not err. While some of the ALJ's logic is not supported by the facts, he reasonably considered the supportability of the opinions and the consistency with other evidence in the record. However, on remand, the ALJ shall reconsider all opinions in reassessing the claim.

### 3. Dr. Drenguis.

In October 2018 Plaintiff attended a consultative physical exam with Dr. William Drenguis. Tr. 546-51. Dr. Drenguis noted diagnoses of ulcerative colitis, degenerative joint disease of the right knee, COPD with a history of lung abscess, diabetes mellitus, and diffuse arthralgias. Tr. 550. He opined Plaintiff could stand and walk for four hours, sit six hours, lift 10-20 pounds, occasionally perform postural activities, had environmental limitations, and could occasionally reach and frequently handle, finger, and feel. Tr. 551.

The ALJ found this opinion somewhat persuasive, finding the record supported most of the opinion but did not support the reaching or manipulative limits. Tr. 25. The ALJ found Dr. Drenguis inexplicably attributed those limits to COPD, and noted Dr. Drenguis' own exam demonstrated normal findings in the hands and arms. *Id.*

Plaintiff argues the ALJ erred, as the imaging performed the same day demonstrated degenerative changes in Plaintiff's hand, and Dr. Drenguis reviewed other records discussing diffuse arthralgia. ECF No. 17 at 20. Plaintiff further argues that the ALJ found colitis and osteoarthritis of the right hand to be severe

impairments, which supports limitations on his manipulative abilities. *Id.* Defendant argues the ALJ reasonably found the limits inconsistent with and unsupported by Dr. Drenguis' exam showing normal findings in the hands and arms. ECF No. 18 at 20-21.

The Court finds the ALJ did not err. He reasonably considered the lack of explanation from Dr. Drenguis as to how COPD caused manipulative limitations and the inconsistency between the opinion and the objective findings. However, as this case is being remanded on other bases, the ALJ shall reconsider the entire medical record in making a new decision.

C.  **Step Three.**

Plaintiff argues the ALJ erred in failing to find Plaintiff's condition met Listing 3.02C3. ECF No. 17 at 5-6.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 3.02C3 for chronic respiratory disorders is met when a claimant has chronic impairment of gas exchange with oxygen saturation measured by pulse oximetry less than or equal to the values in Table V. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 3.02C3 ("Listing 3.02C3"). Section 3.00H2 contains additional criteria for the pulse oximetry testing, including the requirements of the report and that the patient must be medically stable at the time of the test. *Id.* at § 3.00H2.

The ALJ found that the evidence did not establish chronic impairment of gas exchange as required by Listing 3.02C. Tr. 18. He offered no further explanation.

Plaintiff argues that pulse oximetry testing done on April 5, 2017, establishes listing-level oxygen saturation, and that additional evidence throughout the record of ongoing lung problems shows that his condition persisted for the required duration. ECF No. 17 at 5-6. He further argues the ALJ erred in not discussing the evidence and simply stating a boilerplate finding that Plaintiff's condition did not meet the listing. *Id.* Defendant argues that, while the ALJ could have more thoroughly evaluated the relevant evidence, the record does not contain the data required by Section 3.00H2 and the testing done in April 2017 occurred during an acute exacerbation of Plaintiff's condition, and thus he was not medically stable when the test was performed. ECF No. 18 at 2-5.

The Court finds the ALJ did not err. The records cited by Plaintiff do not contain the necessary data, including the graphical printout of $SpO_2$ value and pulse wave. Tr. 335, 360-61. At the time of the testing, Plaintiff was hospitalized for pneumonia and was on antibiotics, which indicate that he was not medically stable, as defined in Listing 3.00E2a. Because the record does not contain evidence satisfying each element of the Listing, the ALJ did not err. However, as this claim is being remanded for further proceedings, the ALJ will make findings on each of the steps of the sequential evaluation process.

### VIII.  CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that additional administrative proceedings could remedy defects. Further development of the record is necessary for a proper determination to be made.

The ALJ's decision with respect to assessment of Plaintiff's subjective complaints and some of the opinion evidence is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the record as a whole and complete the five-step process. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 26, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE